UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLMOT A. TUCKER,<br><br>           Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE,<br><br>           Defendant. | CASE NO. C21-467 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

    This matter is before the Court on Defendant's motion to dismiss or, in the alternative, for a more definite statement. (Dkt. No. 18.) Having considered the motion and the response, (Dkt. No. 24), the Court GRANTS the motion and DISMISSES the Complaint for lack of subject-matter jurisdiction.

### Background

    Plaintiff Willmot A. Tucker, of Snohomish County, is attempting to sue the Internal Revenue Service. He asserts that his income—wages for labor—is exempt from federal tax. (Dkt. No. 1 ("Complaint") at 3–4.) He seeks $999 million for tax "overpayments" he has made from 1968 to present, a sum that includes interest, inflation, and "penalties for late payment."

(Id. at 7.) He also asserts that the IRS Form 1040 instructions are incorrect, in that they advise taxpayers to pay tax on wages, and seeks "penalties" against the IRS, emotional distress damages, and an order directing the IRS to revise the instructions "to read that only those people, who are LIABLE, must pay a tax on their labor and that all USA citizens and all USA legal residents are EXEMPT from paying any Federal direct taxes on their labor." (Id. at 7–8.)

The United States moves to dismiss under Rule 12(b)(1), 12(b)(5), and 12(b)(6) or, in the alternative, for an order requiring Plaintiff to file a more definite statement under Rule 12(e).

**Discussion**

On a motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. Capp v. City of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019). Taking note that Plaintiff is pro se, the Court construes the complaint liberally. Id.

The Court addresses jurisdiction first. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). For purposes of sovereign immunity, "any lawsuit against an agency of the United States . . . is considered an action against the United States." Balser v. Dep't of Just., Off. of U.S. Tr., 327 F.3d 903, 907 (9th Cir. 2003). The United States cannot be sued unless it has expressly waived sovereign immunity. Id. at 907. For that reason, sovereign immunity is jurisdictional. Id. Federal courts have jurisdiction over suits against the United States for the recovery of erroneously or illegally assessed or collected tax. 28 U.S.C. § 1346(a)(1). Congress has waived sovereign immunity for such suits under certain conditions, two of which are salient here. See United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008) (citing United States v. Dalm, 494 U.S. 596, 601–02 (1990)).

1       First, the taxpayer must first file an administrative claim for refund or credit with the Secretary of the Treasury. 26 U.S.C. § 7422(a) ("No such suit or proceeding shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary"). Second, the taxpayer's administrative claim must be filed within three years from when the return was filed or two years from when the tax was paid, whichever is later. 26 U.S.C. § 6511(a). "Unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court." Dalm, 494 U.S. at 602.

      Plaintiff must show the Court has jurisdiction to decide his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). He has not alleged that he has filed an administrative claim with the Secretary of the Treasury. In addition, his claim for a refund of taxes he paid from 1968 to present falls almost entirely outside the two- or three-year requirement of 26 U.S.C. § 6511(a). The Complaint includes no facts indicating how much he believes he has overpaid in taxes and for what time periods. In opposition to the motion, Plaintiff attached four paystubs covering eight weeks from 2018 to 2021. (Dkt. No. 24, Ex. 1.) These paystubs do not show that he timely filed a claim with the Secretary of the Treasury. Because Plaintiff has not pleaded, much less shown, that he has timely filed an administrative claim for tax refund, the Court lacks subject-matter jurisdiction over any claim for tax overpayment. Plaintiff's claim for tax refund or overpayment is dismissed. (See Compl. at 7.)

      In his allegations about the IRS's Form 1040 instructions, Plaintiff effectively seeks a declaratory judgment that the IRS's Form 1040 guidance is contrary to law and injunctive relief directing the IRS to revise its guidance. However, the Declaratory Judgment Act excludes

jurisdiction for suits with respect to federal taxes.  28 U.S.C. § 2201.  Similarly, under the Anti-Injunction Act, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421.  As a result, to the extent Plaintiff seeks a declaratory judgment or injunctive relief with respect to his own taxes or seeks to enjoin the assessment or collection of any tax, there is no jurisdiction and any such claims must be dismissed.  See Latch v. United States, 842 F.2d 1031, 1033 (9th Cir. 1988); Murphy v. I.R.S., 493 F.3d 170, 174 (D.C. Cir. 2007).

To the extent he seeks judicial review of the IRS Form 1040 instructions under the Administrative Procedure Act, there is also no jurisdiction.  "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."  5 U.S.C. § 704.  Plaintiff identifies no statute that has made the IRS instructions reviewable.  And the Form 1040 instructions is not a form of "final agency action" because it is not the kind of action "by which rights or obligations have been determined, or from which legal consequences will flow."  See U.S. Army Corps of Eng'rs v. Hawkes Co., 578 U.S. 1129, (2016).  The instructions merely provide guidance to taxpayers and do not determine individual rights or obligations under federal tax law, so they are not "final agency action."

Plaintiff identifies no substantive source of his purported right to emotional-distress damages.  The exclusive remedy for damages related to the improper collection of federal taxes is provided by 26 U.S.C. § 7433.  However, the taxpayer must first exhaust all administrative remedies.  26 U.S.C. § 7433(d)(1).  That includes filing an administrative claim.  26 C.F.R. § 301.7433-1(d)–(e).  Plaintiff has not even alleged that he has filed an administrative claim, much less shown that he has exhausted administrative remedies.  As a result, there is no

jurisdiction to hear his claim for emotional-distress damages in connection with the collection of federal income tax. See Joseph v. United States, 517 F. App'x 543 (9th Cir. 2013) (citing Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992)).

Where Congress has created a remedy as part of a statutory scheme, that remedy ordinarily excludes alternative relief. U.S. v. Bormes, 568 U.S. 6, 10–11 (2012). However, to the extent that Plaintiff's claim for emotional-distress damages sounds in tort, there is also no jurisdiction for such a claim because he has not shown that he has presented his claim to the IRS and exhausted administrative remedies, as would be required for any tort claim against the agency permitted by the Federal Tort Claims Act. See 28 U.S.C.A. § 2675(a). This requirement is also jurisdictional. D.L. by and through Junio v. Vassilev, 858 F.3d 1242, 1244 (9th Cir. 2017). In any case, such a claim would also be barred by the FTCA's "due care" clause, 28 U.S.C. § 2680(a), which blocks tort suits against federal employees who are executing duties under a statute or regulation when the suit is aimed at challenging the constitutionality or legality of a statute or regulation. U.S. v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 809–810 (1984).

Plaintiff has failed to show there is subject-matter jurisdiction for his claims. Therefore, the Court DISMISSES the Complaint under Rule 12(b)(1). There is no need to resolve the other issues raised in the motion to dismiss.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 7, 2021.

Marsha J. Pechman
United States Senior District Judge