UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLMOT A. TUCKER,<br><br>               Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE,<br><br>               Defendant. | CASE NO. C21-467 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

      This matter is before the Court on Plaintiff's motion for reconsideration.  (Dkt. No. 39.) Plaintiff asks the Court to reconsider its decision granting Defendants' motion to dismiss.  (Dkt. No. 34.)  The Court has considered the motion and DENIES it.

      A motion for reconsideration is rarely granted.  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).

Plaintiff seeks $999 million for tax "overpayments" he has made from 1968 to present. (Dkt. No. 1 ("Complaint") at 3–4.) In granting Defendant's motion to dismiss, the Court noted that Plaintiff failed to allege that he had filed an administrative claim for a tax refund or credit with the Secretary of the Treasury, which is a necessary prerequisite for any tax-refund suit filed in federal court. See 26 U.S.C. § 7422(a). In his motion for reconsideration, Plaintiff alleges that he has filed a claim for a tax refund with the Internal Revenue Service for the years 2018–20 but has not received a response. (Dkt. No. 39 at 1.) He asserts, without supporting documentation, that he sent the IRS several letters in 2019 asking what legal authority they have for collecting income tax. (Id. at 2.) But even assuming that is the case, such a letter, as described, does not qualify as a notice of claim, and the Court would be left to guess at what facts, if any, Plaintiff included in such letters. Plaintiff also claims to include an "exhibit" in support of his motion. In fact, there is no exhibit. Rather, in the text of his motion, there is what appears to be a lengthy letter to the attorney for Defendant dated September 14, 2021, although it is unclear whether the text was ever sent separately from the motion or in what form. (See id. at 4–6.) In any case, it is of no matter because the purported letter is dated long after he filed his complaint and Plaintiff admits in the letter he does not know how to file a notice of claim, so he admittedly has not. A notice of claim must be filed before the complaint, and the IRS would need time to respond. 26 U.S.C. § 7422(a).

The cases Plaintiff cites have no relevance to any claims he may have. Even if he were to satisfy the procedural and jurisdictional requirements identified in the Court's Order, his underlying argument—that his income, derived from wages, is exempt from taxation because it

**ORDER DENYING MOTION FOR RECONSIDERATION - 2**

is the product of his labor and he is a U.S. citizen—has been repeatedly rejected as frivolous. See United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally[] held by the courts of this republic to be income, subject to the income tax laws currently applicable"); Wilcox v. Comm'r of Internal Revenue, 848 F.2d 1007, 1008 (9th Cir.1988) (awarding sanctions for frivolous appeal based on argument that wages are not income and that paying taxes is voluntary for U.S. citizens).

In sum, Plaintiff has failed to demonstrate the Court's order granting Defendant's motion to dismiss is based on manifest error or that there are new facts justifying reconsideration which could not have been brought to the Court's attention earlier. The motion is DENIED.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated September 24, 2021.

Marsha J. Pechman
United States Senior District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION - 3**