UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLMOT A. TUCKER,<br><br>                    Plaintiff,<br><br>        v.<br><br>INTERNAL REVENUE SERVICE,<br><br>                    Defendant. | CASE NO. C21-467 MJP<br><br>ORDER DENYING MOTION TO POSTPONE DISMISSAL |

This matter is before the Court on Plaintiff's motion to postpone dismissal. (Dkt. No. 40.) Having considered the motion and Defendant's response, (Dkt. No. 43), the Court DENIES the motion.

Plaintiff commenced this action against the Internal Revenue Service seeking $999 million for alleged tax "overpayments" he made from 1968 to present and for emotional-distress damages. (Dkt. No. 1 ("Complaint").) The Court dismissed the Complaint for lack of subject-matter jurisdiction, chiefly because Plaintiff had not first filed an administrative claim for tax refund. (Dkt. No. 34.) See 26 U.S.C. § 7422(a) (administrative claim is predicate to suit); id. at § 6511(a) (claim must be filed within three years from when the return was filed or two years

from when the tax was paid). Plaintiff moved to reconsider, claiming he had in fact filed a claim for the years 2018–20. (Dkt. No. 39.) The Court denied reconsideration because he provided no supporting documentation for this statement and the letters he allegedly sent as described would not qualify as a notice of claim. (Dkt. No. 42 at 2.)

The Court construes Plaintiff's instant motion to postpone dismissal as a Rule 60(b) motion for relief from the Court's dismissal order. The Court has discretion to relieve a party from an order on just terms for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff has not established a basis for the Court to delay dismissal of this action. He makes two arguments. First, Plaintiff states that he "already did request a tax refund from the IRS in Seattle, WA and possibly the IRS in Kansas City, MO," but was ignored. (Dkt. No. 40 at 1.) This is familiar territory: as before, Plaintiff provides no evidence to support his contention that he filed the necessary administrative claim for a tax refund before filing the Complaint. There is no "mistake" or "newly discovered evidence" here and certainly nothing that would justify invoking Rule 60. See Engelson v. Burlington N.R. Co., 972 F.2d 1038, 1043–44 (9th

Cir. 1992) (Rule 60(b) requires a showing of exceptional circumstances and is not justified by a party's ignorance or carelessness).

Second, Plaintiff "believes his best chance of receiving his wrongfully withheld federal income taxes refund from 1968 [through] 2021 is to ask expert IRS agent Cassondra L. McCormick to pull up all of the Plaintiff's tax returns from 1968 [through] 2021)." (Id.) To clarify, Ms. McCormick is not an "IRS agent." She is a trial attorney at the Department of Justice representing the IRS in this action. Plaintiff appears to argue that, if only he had his tax returns, which are in the exclusive possession of the IRS, he could proceed on his claims. This is a frivolous contention, particularly at this stage. It does not address the requirement that he file a claim for a tax refund with the IRS before commencing this action. 26 U.S.C. § 7422(a). This cannot be done after the fact because jurisdiction must exist when the complaint is filed. Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570–71 (2004). In addition, Plaintiff can seek his tax returns or tax transcripts directly from the IRS or under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5, U.S.C. § 552a.

Plaintiff's motion to postpone dismissal is DENIED. The clerk is ordered to provide copies of this order to all counsel.

Dated November 2, 2021.

Marsha J. Pechman
United States Senior District Judge